# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DHANNIELL AQUINO, SR., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 09-234J |
| ) | |
| v. ) | Judge Gibson |
| ) | Magistrate Judge Bissoon |
| MAUHAMMAD NAJI, M.D., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss filed by Defendants Naji and McCliment (Doc. 33) be denied.

### II. REPORT

Plaintiff, Dhanniell Aquino is a former state prisoner who has filed a civil rights action pursuant to the provisions of 42 U.S.C. § 1983. Aquino alleges in his Amended Complaint (Doc. 30) that Defendants, both physicians who provide medical services at the State Correctional Institution at Cresson ("SCI-Cresson"), Pennsylvania, failed to provide him with appropriate treatment for broken facial bones. More specifically, Plaintiff alleges that Dr. McCliment examined him on December 4, 2008, and told Aquino that he could "see the bone" in his nose and that Aquino required surgery (Doc. 30, ¶ 9). Aquino alleges that McCliment "changed his mind" and that he and Defendant Naji "claimed" that surgery "was not medically necessary," and that they did this "with the purpose to save money and to punish [Plaintiff]" (Doc. 30, ¶ 11). Defendants McCliment and Naji have now moved to dismiss (Doc. 33).

A.  **Legal Standard**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S.__, 129 S.Ct. 1937, 1949 (2009).

B. **Analysis**

Prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1978).  In the context of a claim regarding medical treatment, an inmate must show two elements to demonstrate a violation of his Eighth Amendment rights:  1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. Id.  "Deliberate indifference" occurs when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Defendants argue that Plaintiff has failed to allege facts that would permit a jury to conclude that they had the necessary mental state, i.e., they argue that there are no facts that would permit a finding that they were subjectively aware of a substantial risk of harm.  In fact,

Plaintiff has alleged that Defendants recognized a need for surgery to alleviate Plaintiff's pain, but chose not to perform the surgery for a non-medical reason (cost). A this stage, this is sufficient to state a facially plausible claim under the Eighth Amendment. "We have found 'deliberate indifference' in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) **delays necessary medical treatment based on a non-medical reason;** or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (emphasis added).

## II. CONCLUSION

For the foregoing reasons it is respectfully recommended that the Motion to Dismiss filed by Defendants Naji and McCliment (Doc. 33) be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.D.2, objections to this report and recommendation are due on or before September 14, 2010. Failure to timely file objections may constitute a waiver of any appellate rights.

Date: August 31, 2010
s/Cathy Bissoon
CATHY BISSOON
UNITED STATES MAGISTRATE JUDGE

cc:
DHANNIELL AQUINO
1301 North 6th Street
Lick Tower, Suite 704
Harrisburg, PA 17102